## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

WILLIAM J. BUSH,

        Plaintiff,

vs.

RISK MANAGEMENT AGENCY/
UNITED STATES DEPARTMENT OF
AGRICULTURE,

        Defendant.

No. 16-CV-4128-CJW

**ORDER**

---

## I.    INTRODUCTION

Pending before the Court is (1) plaintiff's Rule 12(c) motion (Doc. 19); (2) defendant's Rule 12(b)(6) motion, or in the alternative, for summary judgment (Doc. 20); and (3) plaintiff's motion for a Rule 56(d) continuance to conduct limited discovery and extend deadlines.  (Doc. 22).  Neither party has requested oral argument and the Court finds argument unnecessary.  For the reasons that follow, the Court denies plaintiff's motions and denies in part and grants in part defendant's motion.  Only the summary judgment motion remains pending.

## II.    PROCEDURAL HISTORY AND FACTS

In February 2016, plaintiff William J. Bush, filed a Freedom of Information Act (FOIA) request with the Risk Management Agency (RMA).  Plaintiff asked for "the total production, acres harvested, and yield for corn and for soybeans aggregated by section

for Amherst, Rock, Sheridan and Tilden townships in Cherokee County, Iowa for 2015, 2014, 2013 and 2012." The agency provided a "no records" response to plaintiff's request. The agency explained that it did not have information available by sections[1] for townships within a county. The agency also explained that the Federal Crop Insurance Act prohibits the disclosure of identifying producer information and limits disclosure of producer information to the public only in the aggregate form. The agency also directed plaintiff to (http://www.rma.usda.gov/ftp/Miscellaneous_Files/Area_Yield_Data/), a page on its website containing several data files. Specifically, RMA's FOIA Officer directed plaintiff to "cy2016_production_area_yield_history_1130.zip" for an average yield of soybeans and corn. (Doc. 1, at 25). Upon the Court's own review, this zip file contains historical aggregate yields for the production area of Cherokee County, Iowa, for irrigated and non-irrigated soybeans (from crop years 1991 to 2014) and for irrigated and non-irrigated corn (from crop years 1991 to 2014). Plaintiff appealed the agency's response. The agency upheld its "no records" response on appeal.

On November 16, 2016, plaintiff filed this action in this Court. As a pro se litigant, plaintiff sued "United States Department of Agriculture Risk Management Agency" in his original complaint. (Doc. 1). The original complaint referred to a singular defendant. A few weeks later, in a pro se amended complaint, plaintiff sued the "Risk Management Agency" and the "United States Department of Agriculture" and referred to plural defendants. (Doc. 3). In February 2017, plaintiff filed a motion for default judgment against the United States Department of Agriculture (USDA) for failure to respond to the amended complaint. (Doc. 12). The same month, this Court entered an order denying plaintiff's motion for default judgment against the USDA. (Doc. 14).

---

[1] A section is "a unit of measure under a rectangular survey system describing a tract of land usually one square mile and usually containing approximately 640 acres." (Doc. 20-3, at 9) (Chief Zanoni's affidavit).

The Court found that plaintiff failed to provide evidence demonstrating that the Risk Management Agency (RMA) and the USDA are "legally-distinct" as the RMA's answer (Doc. 11 at 2, ¶ 5) states "RMA is an agency within the United States Department of Agriculture, an agency within the meaning of FOIA." The Court reasoned that "[e]ven assuming RMA and USDA are distinct entities, I find that RMA's answer should be deemed to apply equally to USDA," and therefore found default judgment against USDA inappropriate. (Doc. 14). This distinction, if any even exists, of whether the USDA and the RMA are one in the same or distinct legal entities does not impact this order. The Court will refer to RMA/USDA as a singular defendant throughout this order.

Plaintiff seeks the following relief (Doc. 3 at 18-19, ¶42): that the records at a section for township level be produced to him with a waiver of the search fee; declare Section 1619 of the Food, Conservation and Energy Act of 2008 inapplicable; award of attorney's fees and other litigation costs; declare the attorney's fee FOIA provision at Section 522(a)(4)(E) unconstitutional as to pro se non-attorney litigants; issue a written finding under Section 552(a)(4)(F)(i) that circumstances surrounding the improper record withholding raise questions about whether agency personnel acted arbitrary or capricious, prompting administrative investigation and further administrative corrective actions as needed; and grant any other relief the Court deems proper.

Defendant maintains it did not improperly withhold agency records. Defendant first argues that the information sought by plaintiff does not exist as requested and as such the FOIA does not impose a duty on the agency to create new records to comply with FOIA requests. In the alternate, defendant contends that even if such information existed, or were produced in part, it would be exempt under Exemption 3 of the FOIA.

A District Court has federal jurisdiction over FOIA actions, when it is "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia," 5 U.S.C. §

552(a)(4)(B), and the District Court has the power to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." (*Id.*). Neither party disputes the Court's jurisdiction.

### III. ANALYSIS

#### A. Motion for Judgment on the pleadings and Motion to dismiss for failure to state a claim upon which relief can be granted

Plaintiff timely moved for judgment on the pleadings, FED. R. CIV. P. 12(c), on May 4, 2017, after an answer was filed. (Doc. 19). Defendant timely resisted (Doc. 21) and cited to its previously filed 12(b)(6) motion to dismiss, or in the alternative, summary judgment. (Doc. 20). Thus, plaintiff's 12(c) motion is ripe.

Defendant timely moved for a 12(b)(6) motion to dismiss, or in the alternative, summary judgment (Doc. 20) on May 8, 2017. (the last day to file dispositive motions). On May 23, 2017, plaintiff filed a motion under Rule 56(d) seeking to conduct limited discovery to oppose defendant's summary judgment motion. (Doc. 22).

The most appropriate vehicle to address plaintiff's FOIA lawsuit is the pending summary judgment motion. The other two pending motions—namely plaintiff's motion for judgment on the pleadings and defendant's motion to dismiss for failure to state a claim upon which relief can be granted—would not allow the Court to consider the agency's affidavit, attached to defendant's motion at Doc. 20. If the Court did consider the affidavit, then the Rule 12 motions would, nonetheless, be automatically converted into summary judgment motions. *See* FED. R. CIV. P. 12(d) (Rules 12(c) and 12(b)(6) motions will be treated as motions for summary judgment if the court is presented with matters outside the pleadings and does not exclude them). On point "FOIA litigation is typically adjudicated through summary judgment." *Judicial Watch, Inc. v. Export-Import Bank*, 180 F. Supp. 2d 19, 25 (D.C. Cir. 2000). *See Defenders of Wildlife v. U.S.*

*Border Patrol*, 623 F. Supp.2d 83, 87 (D.C. Cir. 2009) ("FOIA cases typically and appropriately are decided on motions for summary judgment.") (citing *Bigwood v. United States Agency for Int'l Dev.*, 484 F. Supp.2d 68, 73 (D.D.C. 2007) and *Farrugia v. Executive Office for United States Attorneys*, No. Civ.A. 04-0294 PLF, 2006 WL 335771, at \*3 (D. D.C. Feb. 14, 2006)).

Summary judgment is appropriate when "the pleadings, together with any affidavits, 'show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.'" (*Id.*) (quotations omitted). The Court reviews FOIA lawsuits under the *de novo* standard. (*Id.*). Specifically:

> The agency bears the burden of justifying the withholdings. 5 U.S.C. § 552(a)(4)(B); *Department of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 755, 109 S. Ct. 1468, 103 L.Ed.2d 774 (1989). To meet its burden of proof, the agency may submit affidavits from their officials. *Hayden v. NSA,* 608 F.2d 1381, 1386 (1979). The affidavits "must show, with reasonable specificity, why the documents fall within the exemption." *Id.* at 1387. Once a court determines that the affidavits are sufficient, no further inquiry into their veracity is required.

*Judicial Watch, Inc.*, 180 F. Supp. at 25. Defendant attached an affidavit here. The Court finds it appropriate and necessary to consider the affidavit to address the issues in this dispute. Thus, these two Rule 12 motions are not the best vehicle to fairly adjudicate this FOIA request. Therefore, the two pending Rule 12 motions are **denied.**


### B.    *Plaintiff's discovery request*

Defendant moved for summary judgment on May 8. Plaintiff had 21 days to resist. LR 56(b) (providing that a resistance is due 21 days after service of the motion). Therefore, plaintiff's resistance was due May 29. Before this deadline, on May 23, 2017, plaintiff filed a motion under Rule 56(d) seeking leave to conduct limited discovery and extension of deadlines. (Doc. 22). Plaintiff seeks an extension to conduct limited

discovery until June 30 (discovery closed on May 28) and also an extension to file a resistance to defendant's motion for summary judgment after such limited discovery closes. Defendant timely resisted plaintiff's Rule 56(d) motion. (Doc. 23). Plaintiff filed a timely reply brief. (Doc. 24). Under Local Rule 56, plaintiff must file a motion for a Rule 56(d) continuance "within 14 days after service of the motion for summary judgment." LR 56(g). Thus, the deadline to file a 56(d) motion was May 22. The docket reflects, however, that the motion was entered on May 23. However, the Court notes that plaintiff's certificate of service is dated May 22. Considering plaintiff's pro se status, being a mere day late is a minor infraction. Furthermore, defendant was not prejudiced in any way as it was informed of the instant motion. *See* Doc. 22, at 1 ("Defendants have represented, through counsel, they oppose Plaintiff's motion for limited discovery."). Thus, the Court now turns to assess the merits of plaintiff's discovery request.

Generally, discovery is "unavailable" in FOIA actions. *Wheeler v. C.I.A.*, 271 F. Supp. 2d 132, 139 (D.C. Cir. 2003). Without a showing of bad faith or even the inference of bad faith by the agency, there is no sufficient basis for granting limited discovery. (*Id.*); *see Judicial Watch, Inc.*, 108 F. Supp.2d at 25 (holding that FOIA plaintiff did not allege, or even sufficiently raise the question, that the CIA acted in "bad faith" with regard to his FOIA request so discovery was inappropriate; "[d]iscovery may be appropriate when the plaintiff can raise sufficient question as to the agency's good faith in processing or in its search.") (quotations omitted). The appropriateness of discovery in FOIA lawsuits is succinctly summarized here:

> Discovery "should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." *Schrecker v. Dep't of Justice,* 217 F. Supp.2d 29, 35 (D. D.C. 2002), *cited with approval by Baker & Hostetler LLP v. U.S. Dep't of Commerce,* 473 F.3d 312, 318 (D.C. Cir. 2006). Where an agency's declarations are deficient, "courts generally will request that an

agency supplement its supporting declarations" rather than order discovery. *Hall,* 2000 U.S. Dist. LEXIS at \*19. "Discovery may be appropriate when the plaintiff can raise sufficient question as to the agency's good faith in processing or in its search." *Exp.-Imp. Bank,* 108 F. Supp.2d at 25 (citing *Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 812 (2nd Cir. 1994)). However, the presumption of good faith that applies to agency affidavits is not "rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA,* 692 F.2d 770, 771 (D.C. Cir. 1981)).

*Wolf v. C.I.A.,* 569 F. Supp. 2d 1, 9-10 (D. D.C. 2008). *See SafeCard Servs., Inc. v. S.E.C.,* 926 F.2d 1197, 1200 (D.C. Cir. 1991) ("In order to establish the adequacy of a search, agency affidavits must be, as the district court correctly noted, "relatively detailed and non-conclusory, and . . . submitted in good faith.") (quotation omitted). Here, defendant submitted an affidavit. The affidavit was detailed and non-conclusory. As is well-established, the agency's affidavit enjoys the presumption that it was made in good faith. The burden is on plaintiff to present more than speculative arguments to rebut this good faith presumption. In the Court's opinion, plaintiff falls short of this burden.

Defendant's affidavit (Doc. 20-3, at 2-15) provides significant detail regarding how the agency responded to plaintiff's FOIA request. Specifically, it describes how the database system of CIMS was not searched, how the limited search results from the CRBI database would be both misleading (as only if a claim of loss was filed could the agency even arguably match single sections from past acreage reports to particular production reports) and it would, nonetheless, be prohibited from disclosure of such by Exemption 3 of the FOIA (as the limited results could be easily reverse engineered to reveal the identity of the producers). Under Exemption 3, 5 U.S.C. § 552(b)(3), a matter is "specifically exempted from disclosure by statute." According to the affidavit, the governing statutes include Section 1502(c) of the Federal Crop Insurance Act (*see* 7 U.S.C. § 1502(c)(2)(A) holding that agency may only disclose to the public information

provided by the producer if it "has been transformed into a statistical or aggregate form that does not allow the identification of the person who supplied particular information"), and Section 1619 of the Food, Conservation, and Energy Act of 2008 (*see* 7 U.S.C. § 8791 (b)(2)(B) (USDA shall not disclose "geospatial information otherwise maintained by the Secretary about agricultural land or operations [provided by an agricultural procedure or owners of agricultural land in order to participate in Department's programs]"). The Court recites the content of the affidavit to show that it is both sufficiently detailed, and not conclusory.

Essentially, plaintiff contends that because defendant's search was inadequate, in his view, that it was therefore conducted in bad faith. (Doc. 22-1). Defendant responds by characterizing plaintiff's argument as stating that as the desired records do not exist, then the agency did not search hard enough and thus acted in bad faith. Defendant says "Plaintiff's argument is merely a speculative attack on the agency's record systems and its searches and offers no evidence of bad faith." (Doc. 23, at 2). Indeed, plaintiff's motion is devoid of evidence of bad faith. Plaintiff recites his main contentions alleged in his Amended Complaint, and alleges possible foul-play involving FOIA Officer Kimberly Morris because Ms. Morris did not provide an affidavit on defendant's behalf. The Court finds that a much more significant showing would be required.

In his reply brief, plaintiff claims that the question of whether the requested records are "agency records," whether Exemption 3 of FOIA applies, and whether his request was one that required creation of new documents as examples of "material facts" in dispute. The Court sees these as issues of law. Plaintiff has not identified any material issues of fact in dispute, and certainly none for which discovery is necessary. When weighing the consideration that discovery is generally inappropriate in FOIA actions with plaintiff's lack of evidence of any bad faith on defendant's part or even insinuations that

could lead to inferences of bad faith, the Court finds it appropriate to deny plaintiff's motion for a continuance to conduct limited discovery.

## IV. CONCLUSION

For the above listed reasons, the Court hereby:

(1) **Denies** plaintiff's Rule 12(c) motion at Doc. 19;

(2) **Denies in part** defendant's motion at Doc. 20. Only defendant's motion to dismiss is denied; defendant's motion for summary judgment remains pending;

(3) **Denies** plaintiff's motion at Doc. 22 to conduct limited discovery under Rule 56(d); and

(4) *Sua sponte* orders plaintiff to respond to defendant's motion for summary judgment within **fourteen (14) days** from the date of this order, namely on or by **June 22, 2017**. In responding to the defendant's motion for summary judgment, plaintiff must strictly comply with Local Rule 56(b)(1)-(4), listing and description of the nature and contents of filings that must accompany plaintiff's resistance to defendant's motion for summary judgment.

**IT IS SO ORDERED** this 8th day of June, 2017.

_____

C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa